UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue, N.W. Washington, DC 20460<br><br>*Defendant*. | CIVIL ACTION NO. 23-3131<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Environmental Protection Agency ("Defendant" or "EPA") to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking documents regarding EPA Administrator Michael S. Regan's Record of Decision under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") for Oak Ridge Reservation Waste Disposal at the Environmental Management Disposal Facility, Oak Ridge, Tennessee.

2. PEER submitted a FOIA request on December 12, 2022, seeking documents related to Administrator Regan's review of the Radionuclide Pollution Decision and Record of

Decision concerning Oak Ridge Reservation Waste Disposal at the Environmental Management Disposal Facility. This complaint seeks to end continued non-compliance by EPA with FOIA.

3. To date, Defendant has failed to make a final determination on Plaintiff's FOIA request or to disclose to Plaintiff all of the requested documents within the time stipulated under FOIA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, and Massachusetts.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and

debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

10. Defendant EPA is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. Defendant's refusal to provide Plaintiff with the records requested or make a final determination on Plaintiff's FOIA request within 20 working days of December 12, 2022, are violations of FOIA.

## STATEMENT OF FACTS

12. On December 12, 2022, PEER submitted a FOIA request to EPA seeking:

> 1. Records relating to Administrator Regan's review of the December 31, 2020 Administrator Wheeler, including but not limited to records of documents, meetings, and correspondence, including any factual data, policy comments, or technical expert comments discussed, considered, or otherwise before EPA, regarding EPA's review of the Radionuclide Pollution Decision pursuant to President Biden's Executive Orders 13990, 14008, and 13985, including the policy and technical expert comments created or received by EPA Headquarters and EPA Office of Water, Headquarters regarding review of the Radionuclide Pollution Decision, as well as communications/briefings/analysis developed by Robin M Anderson and Stuart Walker from the Office of Water staff; and
>
> 2. Records related to Administrator Regan's Oak Ridge Signed ROD, including records of documents, meetings, and correspondence, including any factual data, policy comments, or technical expert

       comments discussed, considered, or otherwise before EPA, regarding the review and determination that the Oak Ridge ROD was consistent with CERCLA, the NCP, provided a rationale for deviating from guidance or policy, ensured protection of public health and the environment, and provided for meaningful public involvement. copies, in electronic format where possible, of the following documents that were created, received, or reviewed by EPA between December 31, 2020 and the date of EPA's search for records responsive to this request:

13. The request sought documents created on or after December 31, 2020. Potential record holders included, but were not limited to: Carlton Waterhouse, Karin Leff, Randall Chaffins, Gregory Gervais, Robin Anderson, Stuart Walker, Barry Breen, David Hockey, Rhadika Fox, Constance Jones, Silvina Fonsesca and Charles Openchowski.

14. On December 12, 2022, EPA assigned the FOIA request tracking number EPA-2023-001281.

15. On December 14, 2022, EPA fully granted PEER's fee waiver request and assigned the FOIA request for processing.

16. On December 15, 2022, EPA reassigned the FOIA request for processing.

17. On January 6, 2023, PEER received two communications from admin@foiaonline.gov stating that the FOIA request was "supplemented with additional supporting files." No production was made.

18. On January 11, 2023, EPA asked for a ten-day extension. In that communication EPA stated: "Given the scope of the request, it may involve a voluminous amount of records; and EPA anticipates the need to search and collect the requested records from multiple EPA offices that are separate from the office processing the request.

Pursuant to 40 C.F.R. § 2.104(d), an extension of time required to respond to your request is necessary. The new due date is January 30, 2023, ten working days from January 13, 2023."

19. On January 11, 2023, PEER received a communication from admin@foiaonline.gov stating that the FOIA request was "supplemented with additional supporting files." No production was made.

20. On January 20, 2023, EPA completed an initial diagnostic search of its electronic records and identified over 30,000 possible electronic records. EPA stated it would require additional time for its review and suggested a discussion to possibly narrow the search. PEER agreed to view any specific suggestions for narrowing the request.

21. On January 24, 2023, EPA proposed the following narrowed search:

Search Terms:

- "Radionuclide Pollution Decision"
- "Wheeler Dispute Decision"
- "Wheeler Decision"
- "Environmental Management Disposal Facility"
- "Oak Ridge ROD"
- "ORR Decision"
- "ORR ROD"
- "ORR EMDF"
- "EMDF ROD"

Search Time Frame:

- Start – December 31, 2020 (date of Administrator Wheeler ORR dispute decision)
- End – Present day

Custodians to Search:

- Silvina Fonseca, OLEM/IO
- RobinM Anderson, OLEM/OSRTI [retired]
- Stuart Walker, OLEM/OSRTI

22. On February 1, 2023, PEER received a communication from admin@foiaonline.gov stating that the FOIA request was "supplemented with additional supporting files." No production was made.

23. On February 7, 2023, PEER received a communication from admin@foiaonline.gov stating that the FOIA request was "supplemented with additional supporting files." No production was made.

24. On February 9, 2023, EPA confirmed it was conducting its search in accordance with its previous email.

25. On March 7, 2023, EPA sent a progress report, detailing the following: "We expect the narrowed search to return over 3,000 potentially responsive electronic records that we will then review to determine whether they are responsive to your request and whether any FOIA exemption applies. The electronic documents search has begun, and we anticipate having them available for EPA's responsiveness and exemption review beginning next week. Given the expected quantity of records, I am

requesting an extension until June 30, 2023 to provide documents responsive to your request."

26. On March 31, 2023, EPA notified PEER that the FOIA request had been reassigned. Additionally, EPA asked PEER for confirmation that it was still interested in pursuing the FOIA request. PEER confirmed it was still interested in pursuing the FOIA request.

27. On April 4, 2023, EPA acknowledged PEER's continued interest.

28. On April 5, 2023, PEER received three identical communications from admin@foiaonline.gov stating that the FOIA request was "supplemented with additional supporting files." No production was made.

29. On April 14, 2023, EPA sent a progress report, detailing the following: "To facilitate a rolling response to your FOIA, we are in the process of identifying "tranches" of records, including those that may be able to move more quickly through the review process and be released in a shorter timeframe.  It is my hope that our first tranche of records can be released to you by the end of May 2023.  Further tranches of the more complex records have a less certain production schedule as of right now, and we will need additional review time to better assess the remaining production schedule."

30. On April 27, 2023, PEER received a communication from admin@foiaonline.gov stating that the FOIA request was "supplemented with additional supporting files." No production was made.

31. On May 3, 2023, PEER received a communication from admin@foiaonline.gov stating that the FOIA request was "supplemented with additional supporting files." No production was made.

32. On May 26, 2023, PEER received a communication from admin@foiaonline.gov stating that the FOIA request was "supplemented with additional supporting files." No production was made.

33. On May 31, 2023, EPA stated it was uploading its first tranche/interim production of approximately 135 responsive documents to FOIA Online. In addition, EPA stated it would advise PEER later that week of its anticipated timing for the next interim production. The production was not uploaded to FOIA Online that day.

34. On June 1, 2023, PEER received a communication from admin@foiaonline.gov stating that the FOIA request was "supplemented with additional supporting files." No production was made.

35. On June 2, 2023, EPA sent a letter stating it "encountered an unexpected delay and now anticipate this interim production to be available to you the middle of next week."

36. On June 13, 2023, EPA released 138 records in response to the FOIA request. The records EPA released included correspondence, emails, and attachments associated with Administrator Regan's review of the Wheeler Decision and development and review of the CERCLA remedy decision for the Environmental Management Disposal Facility. The release included documents that were partially withheld. The reasons for the withholdings were printed over the redactions. Further, EPA stated

it expected a rolling production with the next interim production by June 30, 2023. The Agency expected additional interim productions and to complete its response by September 29, 2023.

37. On June 13, 2023, PEER received a communication from admin@foiaonline.gov stating that the FOIA request was "supplemented with additional supporting files." No production was made.

38. On June 30, 2023, EPA sent a letter stating the following: "In doing our due diligence review of the next set of documents, we discovered that EPA Region 4 is also working on a FOIA request that overlaps with your request in both subject and records. This FOIA request is from Southern Environmental Law Center, dated January 6, 2022, requesting records related to the effect of the Wheeler dispute decision on the effluent limits for the radionuclide-containing discharges from the Environmental Management Disposal Facility. An initial analysis shows that over 1,500 records are identical between the FOIAs and thus require additional coordination on review and possible redactions for cause. It will take additional time to ensure consistency and adherence to FOIA procedures to produce our next set of records; therefore, we will not be releasing additional records this month."

39. On September 13, 2023, EPA sent a letter, dated September 11, 2023, stating that 129 records were released as Interim Release #2. In addition, EPA stated it would require more time to produce the next set of records – approximately 1,400 documents. However, a timeline for production was not given.

40. On September 14, 2023, EPA sent an email stating that the final disposition for the request was: Partial Grant/Partial Denial. There was no further elaboration. PEER requested a formal final determination letter. Later that day, EPA re-sent the letter, dated September 11, 2023, it had sent the day before (see paragraph #39). In addition, it stated that it had approved an interim release.

41. PEER has yet to receive the remaining responsive records or a final determination on FOIA Request EPA-2023-001281.

## **CAUSE OF ACTION**

42. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

43. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

44. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

45. Twenty working days from December 12, 2022, (the date PEER submitted its FOIA request) was January 9, 2023.

46. With an additional ten working days for "unusual circumstances," the date was January 23, 2023.

47. As of the date of this filing, Plaintiff has not received a final determination on its FOIA request and Defendant has not made the records "promptly available."

48. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its December 2022 FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

49. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding EPA actions and policies concerning Administrator Regan's review of the Radionuclide Pollution Decision and Record of Decision concerning Oak Ridge Reservation Waste Disposal at the Environmental Management Disposal Facility.

50. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

51. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on October 19, 2023,

/s/ *Colleen E. Teubner*
Colleen E. Teubner, DC Bar # 90003410

Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
*Attorney for Plaintiff*